14 CV 5210

Kim E. Richman
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

*Attorney for Plaintiff*



RECEIVED
JUL 11 2014
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL TERRERO,

        Plaintiff

    -against-

THE CITY OF NEW YORK, P.O.
ELLINES JIMINEZ (Shield #05259), P.O.
MARTICIA MUNDY (Shield #02469),
P.O. SHAREEN GRANT (Shield #20804),
and P.O.s JOHN AND JANE DOE #1-20,
Individually and in their Official capacities
(the names "John and Jane Doe" being
fictitious, as the true names are presently
unknown),

        Defendants.

---

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

Plaintiff Michael Terrero, by his attorney, Kim E. Richman, complaining of the

above-referenced defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff Michael Terrero ("Plaintiff") brings this action for compensatory

damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988 for

the wrongful acts of defendants THE CITY OF NEW YORK ("CITY"), POLICE OFFICER ELLINES JIMINEZ (Shield #05259), POLICE OFFICER MARTICIA MUNDY (Shield #02469), POLICE OFFICER SHAREEN GRANT (Shield #20804), and POLICE OFFICERS JOHN AND JANE DOE #1-20 (collectively "Defendants"), all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the United States and the State of New York.

## JURISDICTION

2.       This action seeks redress for violation of Plaintiff's constitutional and civil rights, pursuant to, *inter alia*, 42 U.S.C. §§ 1983, 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitution and laws of the State of New York. Plaintiff invokes this Court's jurisdiction pursuant to these constitutional and statutory provisions and pursuant to 28 U.S.C. §§ 1331, 1343.

3.       Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims that derive from the same nucleus of operative facts that gives rise to the federal claims, pursuant to 28 U.S.C. § 1367.

## VENUE

4.       Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5.       Plaintiff demands a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff Michael Terrero is an African American male with no criminal record, and was a resident of Bronx County, located in the Southern District of New York.

7. Defendant THE CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York; Defendant CITY operates, manages, directs, and controls the New York City Police Department ("NYPD"), which employs Defendant P.O. ELLINES JIMINEZ, P.O. MARTICIA MUNDY, P.O. SHAREEN GRANT, and P.O.s JOHN AND JANE DOE #1-20.

8. At all times relevant to this action, Defendant P.O. ELLINES JIMINEZ, P.O. MARTICIA MUNDY, P.O. SHAREEN GRANT and P.O.s JOHN AND JANE DOE #1-20 were police officers employed by the NYPD and acting under color of state law.

9. Defendant P.O. ELLINES JIMINEZ, P.O. MARTICIA MUNDY, P.O. SHAREEN GRANT, and P.O.s JOHN AND JANE DOE #1-20 participated directly in and/or failed to intervene in the violations of Plaintiff's constitutional rights committed by the other individual Defendants.

10. Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, captains and employees of the NYPD.

11. At all times relevant hereto and in all their actions described herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its NYPD, pursuant to their authority as employees, servants and agents of the Defendant CITY, within the scope of employment

3

and incidental to their otherwise lawful duties and functions as employees, servants, agents and officers.

## FACTS

12.     At all times relevant hereto, Plaintiff Michael Terrero resided on Weeks Avenue, in Bronx County, New York.

13.     On or about August 19, 2011, at approximately 10:30 p.m., Plaintiff Michael Terrero was lawfully present at or near the intersection of Morris Avenue and the Cross Bronx Expressway.

14.     Plaintiff was walking his dog at or near the intersection of Morris Avenue and the Cross Bronx Expressway, which is only three blocks away from his home, when he observed a woman, later identified to be Defendant P.O. Ellines Jiminez, standing between two parking spots.

15.     Defendant P.O. Jiminez greeted Plaintiff. Plaintiff responded by asking, in sum, "Are you waiting for a parking spot?"

16.     Defendant P.O. Jiminez told Plaintiff that she was prostituting.

17.     Plaintiff has lived in his home, approximately three blocks away from where the incident took place, for 26 years. Plaintiff was surprised by Defendant P.O. Jiminez's response since he was unaware of any prostitution in his neighborhood.

18.     During this time, Defendant Officers were parked in two vehicles—one marked NYPD vehicle parked approximately fifty feet away and one unmarked vehicle parked a few blocks away.

19.     Without reasonable suspicion or probable cause, Defendant Officers suddenly approached Plaintiff from behind.

4

20. Defendant Officers, still without reasonable suspicion or probable cause, proceeded to handcuff Plaintiff.

21. At no time was there reasonable suspicion, probable cause, or any circumstances whatsoever to warrant a belief that Plaintiff's actions were unlawful or that Plaintiff was acting with an unlawful purpose.

22. Plaintiff repeatedly asked Defendant Officers the reason for his arrest. Defendant Officers did not immediately respond to Plaintiff's question, causing Plaintiff emotional distress.

23. Plaintiff repeatedly asked Defendant Officers if he was being arrested and, if so, the reason for his arrest. Defendant Officers did not answer Plaintiff's questions.

24. Instead, Defendant P.O. John Doe #1 responded, in sum, "We have you on tape."

25. It was not until later that Plaintiff was informed that he had been arrested for soliciting prostitution.

26. Next, Defendant Officers put Plaintiff into the NYPD van with approximately five individuals, who, upon information and belief, were also arrested in the same "sting" operation.

27. Despite a lack of probable cause, Defendant Officers unlawfully and unreasonably arrested Plaintiff and transported Plaintiff to the NYPD 46th Precinct.

28. Although there was no probable cause to believe that criminal charges against Plaintiff could succeed, on or about August 20, 2011, Plaintiff was arraigned under Docket Number 2011BX046633 on the basis of an accusatory instrument signed by

Defendant P.O. Shareen Grant. The accusatory instrument falsely charged Plaintiff with violating N.Y.P.L. § 230.04, patronizing a prostitute in the third degree.

29.     Plaintiff was finally released from custody on or about August 21, 2011 after being detained for approximately forty-eight (48) hours.

30.     During the time he was unjustly kept in custody and deprived of his liberty by Defendants, Plaintiff endured emotional distress due to being falsely accused for these alleged crimes.

31.     Over the course of approximately three years, Plaintiff was required to appear in court approximately twenty-four times to defend the baseless charges against him.

32.     During the ongoing prosecution that ensued as a result of his false arrest, Plaintiff suffered a loss of both income and reputation because Plaintiff was required to miss work for court appearances.

33.     Plaintiff works two jobs in New York City as a lifeguard, one at a private apartment complex and another as an employee for the New York City Department of Parks and Recreation.

34.     In one job, Plaintiff was being considered for a promotion at the time of the aforementioned incident. As a result of his unlawful false arrest and the baseless criminal charges against him, Plaintiff was required to miss work and was precluded from receiving time-and-a-half pay for his hours. Additionally, Plaintiff's professional advancement was compromised overall due to the repeated court appearances and pending trial over nearly three years.

35.     In his other job, Plaintiff suffered further losses of income and reputation. Plaintiff had to forgo a promotion due to the uncertainties of the baseless criminal charges against him and was likewise required to miss work to appear at court.

36.     On April 4, 2014, Plaintiff was finally acquitted of all charges related to this incident.

37.     As a result of the aforementioned violations of his civil rights, Plaintiff Terrero was subjected to the humiliation of being arrested, led away in full public view in front of his family and peers, and faced the stigma of being prosecuted with a misdemeanor, all of which resulted in damage to his esteem and reputation within the community.

38.     Plaintiff endured psychological trauma as a result of the humiliating treatment by Defendant Officers and is now embarrassed to approach women in public. Plaintiff continues to experience psychological trauma when he is in public, as he fears that he will again be falsely accused of a crime and unjustly arrested.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF:
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

39.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

40.     All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

41.     All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

7

42.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

43.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, and other agencies all under the supervision of ranking officers of said departments.

44.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority that is forbidden by the Constitution of the United States.

45.     By these actions, Defendants have deprived Plaintiff of rights secured by the United States Constitution, in violation of 42 U.S.C. § 1983, for which Defendants are individually liable.

46.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

47.     By the actions described herein, Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution and Laws of the State of New York.

48.     Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

49.     As a consequence of Defendants' actions as described herein, Plaintiff has been injured.

50.     Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. § 1983

51.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

52.     As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

53.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

54.     As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of his community.

## THIRD CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

55.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

56.     Defendants employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear him of liberty and the lawful use of property.

57.     Defendants acted with intent to do harm as there was at no point any

reasonable suspicion or probable cause to subject Plaintiff to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

58.     Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve arrest numbers of the NYPD, among other collateral objectives. This abuse of power is outside of and contrary to the legitimate use of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff for whom there is no reasonable suspicion or probable cause as to any alleged criminal activity.

59.     The criminal charges against Plaintiff were terminated in his favor.

60.     As a result of Defendants' unlawful acts, Plaintiff suffered numerous violations of his constitutional rights, including deprivation of liberty following his arrest.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

61.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

62.     Defendants initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

63.     The criminal charges against Plaintiff were terminated in his favor.

64.     Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

65.     Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under

the Constitution, for which Defendants are individually liable.

66.     As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

## FIFTH CLAIM FOR RELIEF:
## EQUAL PROTECTION UNDER 42 U.S.C. § 1983

67.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

68.     Defendants unlawfully singled out Plaintiff and violated his Fourth, Fifth, and Fourteenth Amendments, in part because of his race, age and gender.

69.     Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

70.     As a result of Defendants' unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his family and peers, confinement, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

## SIXTH CLAIM FOR RELIEF:
## FAILURE TO INTERVENE

71.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

11

72.     Those defendants that were present during the time when Plaintiff's constitutional rights were violated, but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

73.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments.

74.     As a direct and proximate result of this unlawful conduct, Plaintiff was subjected to humiliation, ridicule, and disgrace before his family and peers, confinement, pain and suffering, embarrassment and emotional distress. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

## SEVENTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

75.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

76.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

77.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of said department.

78.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

79.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

80.     The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

81.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

82.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

83.     Defendant CITY, as municipal policymaker in the training and supervision of the NYPD, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violation of the right to freedom from unlawful entry, negligence, and from the use of excessive and unreasonable force in violation of, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, and the constitution and laws of the State of New York.

84.     All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

        a.      Not to be deprived of liberty without due process of law;

b.      To be free from stop, search, seizure, arrest, imprisonment, and prosecution not based upon reasonable suspicion and probable cause;

c.      To be free from false arrest;

d.      To be free from malicious prosecution;

e.      To receive equal protection under the law; and

f.      To be free from infliction of emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief,

jointly and severally, against Defendants:

1.  Special and compensatory damages in the amount of ONE MILLION

    ($1,000,000) DOLLARS;

2.  Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS;

3.  Reasonable attorney's fees and costs; and

4.  Such other and further relief as this Court deems just and proper.

DATED:      New York, New York
            July 11, 2014

                                    Respectfully submitted,


                                    Kim E. Richman
                                    **REESE RICHMAN LLP**
                                    875 Avenue of the Americas, 18th Floor
                                    New York, NY 10001
                                    212-643-0500 (telephone)
                                    212-253-4272 (facsimile)

                                    *Attorney for Plaintiff*