UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MICHAEL TERRERO,

                                                   Plaintiff,

                      -AGAINST-

CITY OF NEW YORK, P.O. ELLINES JIMENEZ (SHIELD #05259), P.O. MARTICIA MUNDY (SHIELD #02469), P.O. SHAREEN GRANT (SHIELD #20804), AND P.O.S JOHN AND JANE DOE #1-20, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES (THE NAMES "JOHN AND JANE DOE" BEING FICTITIOUS, AS THE TRUE NAMES ARE PRESENTLY UNKNOWN

                                                  Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, POLICE OFFICER ELLINEZ JIMENEZ, POLICE OFFICER MARTICIA MUNDY, AND POLICE OFFICER SHAREEN GRANT**

14 Civ. 5201 (GBD)

JURY TRIAL DEMAND

------------------------------------------------------------------------ x

        Defendants City of New York ("City"), Police Officer Ellines Jimenez, Police Officer Marticia Mundy, and Police Officer Shareen Grant, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Plaintiff's Complaint ("Complaint"), respectfully alleges, upon information and belief, as follows:

        1.    Deny the allegations set forth in section "1" of the Complaint, except admits that Plaintiff purports to proceed as stated therein, and state that allegations concerning "color of law" constitute legal conclusions to which no response is required.

        2.    Deny the allegations set forth in section "2" of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        3.    Deny the allegations set forth in section "3" of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court as stated therein.

4. Deny the allegations set forth in section "4" of the Complaint, except admits that Plaintiff purports to lay venue as stated therein.

5. Paragraph "5" is a demand for a trial by jury to which no response is required.

6. Deny knowledge and information sufficient to form a belief as to the allegations set forth in section "6" of the Complaint.

7. Deny the allegations set forth in section "7" of the Complaint, except admit that the City of New York is a municipal entity organized under the laws of the State of New York and respectfully refers the Court to the New York City Charter for an accurate recitation of the relationship between Defendant City and the New York City Police Department. Defendants further admit that Ellines Jiminez, Marticia Mundy, and Shareen Grant are employed by the City of New York as police officers.

8. Deny the allegations set forth in section "8" of the Complaint, except admit that Ellines Jiminez, Marticia Mundy, and Shareen Grant are employed by the City of New York as police officers. Defendants further state that allegations concerning "color of law" constitute legal conclusions to which no response is required.

9. Deny the allegations set forth in section "9" of the Complaint.

10. Deny the allegations set forth in section "10" of the Complaint, except admit that the City of New York is a municipal entity organized under the laws of the State of New York and respectfully refers the Court to the New York City Charter for an accurate recitation of the relationship between Defendant City and the New York City Police Department

- 3 -

11. Deny the allegations set forth in section "11" of the Complaint, except state that allegations concerning "color of law" constitute legal conclusions to which no response is required..

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in section "12" of the Complaint.

13. Deny the allegations set forth in section "13" of the Complaint.

14. Deny the allegations set forth in section "14" of the Complaint.

15. Deny the allegations set forth in section "15" of the Complaint.

16. Deny the allegations set forth in section "16" of the Complaint.

17. Deny the allegations set forth in section "17" of the Complaint.

18. Deny the allegations set forth in section "18" of the Complaint.

19. Deny the allegations set forth in section "19" of the Complaint.

20. Deny the allegations set forth in section "20" of the Complaint.

21. Deny the allegations set forth in section "21" of the Complaint.

22. Deny the allegations set forth in section "22" of the Complaint.

23. Deny the allegations set forth in section "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in section "24" of the Complaint.

25. Deny the allegations set forth in section "25" of the Complaint, except admit that on August 19, 2011, plaintiff was arrested and charged with Patronizing a Prostitute in the Third Degree.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in section "26" of the Complaint.

27. Deny the allegations set forth in section "27" of the Complaint.

28. Deny the allegations set forth in section "28" of the Complaint.

29. Deny the allegations set forth in section "29" of the Complaint.

30. Deny the allegations set forth in section "30" of the Complaint.

31. Deny knowledge and information sufficient to form a belief as to the allegations set forth in section "31" of the Complaint.

32. Deny knowledge and information sufficient to form a belief as to the allegations set forth in section "32" of the Complaint.

33. Deny knowledge and information sufficient to form a belief as to the allegations set forth in section "33" of the Complaint.

34. Deny knowledge and information sufficient to form a belief as to the allegations set forth in section "34" of the Complaint.

35. Deny knowledge and information sufficient to form a belief as to the allegations set forth in section "35" of the Complaint.

36. Deny knowledge and information sufficient to form a belief as to the allegations set forth in section "36" of the Complaint.

37. Deny the allegations set forth in section "37" of the Complaint.

38. Deny the allegations set forth in section "38" of the Complaint.

39. In response to the allegations set forth in paragraph "39" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "38" inclusive of their answer, as is fully set forth herein.

40. Deny the allegations set forth in section "40" of the Complaint, and state that allegations concerning "color of law" constitute legal conclusions to which no response is required.

41. Deny the allegations set forth in section "41" of the Complaint.

42. Deny the allegations set forth in section "42" of the Complaint.

43. Deny the allegations set forth in section "43" of the Complaint.

44. Deny the allegations set forth in section "44" of the Complaint, and state that allegations concerning "color of law" constitute legal conclusions to which no response is required.

45. Deny the allegations set forth in section "45" of the Complaint.

46. In response to the allegations set forth in paragraph "46" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "45" inclusive of their answer, as is fully set forth herein.

47. Deny the allegations set forth in section "47" of the Complaint.

48. Deny the allegations set forth in section "48" of the Complaint.

49. Deny the allegations set forth in section "49" of the Complaint.

50. Deny the allegations set forth in section "50" of the Complaint, and state that allegations concerning "respondeat superior" constitute legal conclusions to which no response is required.

51. In response to the allegations set forth in paragraph "51" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "50" inclusive of their answer, as is fully set forth herein.

52. Deny the allegations set forth in section "52" of the Complaint.

53. Deny the allegations set forth in section "53" of the Complaint.

54. Deny the allegations set forth in section "54" of the Complaint.

55. In response to the allegations set forth in paragraph "55" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "54" inclusive of their answer, as is fully set forth herein.

56. Deny the allegations set forth in section "56" of the Complaint.

57. Deny the allegations set forth in section "57" of the Complaint.

58. Deny the allegations set forth in section "58" of the Complaint.

59. Deny the allegations set forth in section "59" of the Complaint.

60. Deny the allegations set forth in section "60" of the Complaint.

61. In response to the allegations set forth in paragraph "61" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "60" inclusive of their answer, as is fully set forth herein.

62. Deny the allegations set forth in section "62" of the Complaint.

63. Deny the allegations set forth in section "63" of the Complaint.

64. Deny the allegations set forth in section "64" of the Complaint, and state that allegations concerning "color of law" constitute legal conclusions to which no response is required.

65. Deny the allegations set forth in section "65" of the Complaint.

66. Deny the allegations set forth in section "66" of the Complaint.

67. In response to the allegations set forth in paragraph "67" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "66" inclusive of their answer, as is fully set forth herein.

68. Deny the allegations set forth in section "68" of the Complaint.

69. Deny the allegations set forth in section "69" of the Complaint, and state that allegations concerning "color of law" constitute legal conclusions to which no response is required.

70. Deny the allegations set forth in section "68" of the Complaint.

71. In response to the allegations set forth in paragraph "71" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "70" inclusive of their answer, as is fully set forth herein.

72. Deny the allegations set forth in section "72" of the Complaint.

73. Deny the allegations set forth in section "73" of the Complaint.

74. Deny the allegations set forth in section "74" of the Complaint.

75. In response to the allegations set forth in paragraph "75" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "74" inclusive of their answer, as is fully set forth herein.

76. Deny the allegations set forth in section "76" of the Complaint.

77. Deny the allegations set forth in section "77" of the Complaint.

78. Deny the allegations set forth in section "78" of the Complaint.

79. Deny the allegations set forth in section "79" of the Complaint.

80. Deny the allegations set forth in section "80" of the Complaint.

81. Deny the allegations set forth in section "81" of the Complaint.

82. Deny the allegations set forth in section "82" of the Complaint.

83. Deny the allegations set forth in section "83" of the Complaint.

84. Deny the allegations set forth in section "84" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

85. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

86. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

87. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of Defendant City.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

88. At all times relevant to the incident, Defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, Defendant City is entitled to governmental immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

89. Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

90. There was probable cause for Plaintiff's arrests, detentions, and any purported prosecutions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

91. Plaintiff provoked any incident.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

92. Plaintiff's claims may in whole or in part by the doctrines of *res judicata* and/or *collateral estoppel*.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

93.     Plaintiff may have failed to comply with conditions precedent to suit, including General Municipal Law § 50-e, § 50-h and § 50-i.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

94.     Defendants Jiminez, Mundy, and Grant have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and are therefore protected by qualified immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

95.     At all times relevant to the acts alleged in the Complaint, Defendants Jiminez, Mundy, and Grant acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

96.     Plaintiff's claims may be barred by the relevant statute of limitations.

**WHEREFORE,** Defendants City of New York, Police Officer Elilnes Jiminez, Police Officer Marticia Mundy, and Police Officer Shareen Grant request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	October 14, 2014

>	Zachary W. Carter
>	Corporation Counsel of the City of New York
>	*Attorney for Defendant City, Jiminez, Mundy, and Grant*
>	100 Church Street Rm. 3-212
>	New York, NY 10007
>
>	By:	/s
>		Omar J. Siddiqi
>		Assistant Corporation Counsel

To:	Kim E. Richman, Esq. (By ECF)
	Attorney for Plaintiff

14 Civ. 5210 (GBD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL TERRERO,

                          PLAINTIFF

-AGAINST-

CITY OF NEW YORK, P.O. ELLINES JIMENEZ (SHIELD #05259), P.O. MARTICIA MUNDY (SHIELD #02469), P.O. SHAREEN GRANT (SHIELD #20804), AND P.O.S JOHN AND JANE DOE #1-20, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES (THE NAMES "JOHN AND JANE DOE" BEING FICTITIOUS, AS THE TRUE NAMES ARE PRESENTLY UNKNOWN

                          DEFENDANTS.

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, POLICE OFFICER ELLINES JIMENEZ, POLICE OFFICER MARTICIA MUNDY, AND POLICE OFFICER SHAREEN GRANT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City, Jimenez, Mundy, and Grant*
*New York, N.Y.  10007*

*Of Counsel: Omar J. Siddiqi*
*Tel:  (212) 356-2381*
*NYCLIS No. 2014-027505*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .......................................... ,2014*

*................................................................. Esq.*

*Attorney for ........................................................*